No. 30,914.

HAZEL CATREN, *Appellant,* v. HERBERT CATREN, *Appellee.*

(18 P. 2d 134.)

Opinion filed January 28, 1933.

*Dennis Madden,* of Topeka, for the appellant.

*Frank E. Miller,* of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal grew out of an action for divorce and alimony. Mrs. Hazel Catren brought the action alleging sufficient grounds for divorce and, no answer or resistance being made by the defendant, the court in due time granted a decree of divorce, awarding plaintiff the custody of a minor child about seventeen years of age and requiring the defendant to pay plaintiff $50 per month for the support of herself and child until the minor son reaches the age of twenty-one years. The decree provided that:

"Said monthly allowance to continue after the son arrives at said age of twenty-one years; also that said monthly allowance shall continue after said son has reached said age of twenty-one years, so long as plaintiff remains unmarried, but in case of her remarriage after the son reaches said age of twenty-one years, then said monthly allowance of fifty ($50) dollars shall cease, but said allowance is to continue during the period of minority of said son, even though the plaintiff remarries while her son is still a minor."

It appears that when the divorce was granted defendant was earning from $50 to $200 per month in a Topeka store, but having lost his position there, he secured another in Tulsa, Okla., where he was earning about $100 per month. Payments were made for some time, but in the meantime he had remarried and, claiming that under adverse circumstances he was unable to make the payments, and, further, that the judgment requiring the payment of alimony without limit as to amount was void, he filed a motion in the court which had made the decree, to annul and strike from the

judgment the provision requiring the payment of $50 per month on the terms stated. On presentation of this motion the district court held that the provision for monthly allowance of alimony to be paid in installments, without fixing the total amount payable, was beyond the power of the court and was wholly void, so the motion to annul the provision and modify the judgment was sustained.

It is insisted by plaintiff that there was error in annulling the provision of the original decree, but it is no longer open to question that the challenged provision as to the allowance of alimony is void. It is obvious that the amount of alimony was not definitely fixed, and under the authority of *Conway v. Conway,* 130 Kan. 848, 288 Pac. 566, *Revere v. Revere,* 133 Kan. 300, 299 Pac. 595, and other authorities, including *Conway v. Conway,* 133 Kan. 148, 298 Pac. 744, the judgment awarding permanent alimony without fixing a definite amount to be paid is absolutely invalid. Of course a void judgment can be set aside at any time. When the matter was brought to the attention of the court it could not do other than declare the provision to be void. In *Revere v. Revere,* supra, the first paragraph of the syllabus is:

"To be valid a judgment awarding permanent alimony must specify a definite sum of money to be paid in gross or by installments, and an award of alimony in the sum of $20 payable monthly as long as the defendant lives or until her remarriage, without specifying a definite aggregate sum to be paid, is void."

No reason is seen for overruling or modifying the rule which has been frequently applied and which is no more than the enforcement of a statutory requirement. When the void provision had been stricken from the decree and the record cleared, the trial court proceeded to modify the decree as to the custody and care of the minor child during his minority, fixing it at $25 per month. It is argued that the decree first entered conformed to a postnuptial contract made by the parties. Any contract in conflict with the statute can be of no more validity than the judgment which has been annulled.

The judgment is affirmed.

THIELE, J., not participating.