## BOWEN v. BOWEN.

No. 27672.   Feb. 21, 1938.

Luther P. Lane, for plaintiff in error.

Hughey Baker, for defendant in error.

CORN, J. This appeal is the outgrowth of an action brought in the district court of Tulsa county by Mabel S. Bowen for divorce and custody of two minor children. The action was predicated upon the grounds of gross neglect of duty and a failure to furnish support for herself and the two children. The decree of divorce was granted and the trial judge awarded the plaintiff $30 per month support money for the children and $3,600 alimony, to be paid to the plaintiff at the rate of $30 per month, the decree reciting that this was to be a lien upon the real estate owned by the defendant, although he owned no real estate.

In July, 1936, the plaintiff married again, whereupon, this defendant filed his petition in the district court of Tulsa county to vacate the alimony award, alleging that the marriage of the plaintiff to another man, who was at that time supporting her, warranted the court in modifying the decree by vacating the alimony award. We shall hereafter refer to the parties as they appeared in the trial court.

At the trial the evidence showed that both parties were above the average in education and ability, and that during the 18 years of their married life they had acquired a small amount of life insurance and stocks, standing in the husband's name, valued at between seven and eight thousand dollars. The trial court refused to vacate the alimony award, but reduced the child support money from $30 per month to $20 per month, for the reason that the older child had joined the United States Navy and was self-supporting. From this judgment the defendant has appealed.

Supporting the proposition that the wife is not entitled to alimony after she has married another person, and that the trial court, therefore, erred in refusing to vacate the alimony award, the defendant cites authorities from this and other jurisdictions.

The principal authority from this court is the early case of Stanfield v. Stanfield, 22 Okla. 574, 98 P. 334. In that case it was

the husband who married again and then asked the court to set aside the alimony order. In the body of the opinion the court made the following statement:

"In the absence of a showing of a change of the financial condition of the party charged, or the remarriage, or some other similar and controlling circumstances occurring in the life of the party benefited, the decree allowing alimony ought not to be rescinded or annulled."

From this statement the defendant urges a converse application, arguing that the court undoubtedly intended that it be so applied, because any other application would be against public policy, which requires of a man that he support the woman to whom he is married, and that the law cannot countenance a man's being forced to contribute to the support of another man's wife.

The defendant presents a strong case, based upon principles of public policy, in urging this court to declare the rule that when there is an undenied agreement for alimony, it should end upon a subsequent marriage of the party benefited.

The simple facts of this case were that during the 18 years of their married life they had not acquired a great deal of this world's goods. What they had accumulated by their combined efforts, represented by life insurance and shares of stock, stood entirely in the name of the defendant. The record discloses that the trial court undoubtedly took this into consideration when he granted the divorce and awarded the plaintiff alimony, feeling no doubt, that such an award was entirely proper under the circumstances.

Alimony has been defined by this court as being an allowance which a husband, or former husband, may be forced to pay to his wife, or former wife, who is living legally separated from him, for her maintenance. See Davis v. Davis, 61 Okla. 275, 161 P. 190. Moreover, the allowance of alimony out of the property of the husband is a matter within the discretion of the trial court. Nelson v. Nelson, 175 Okla. 275, 52 P.2d 786. The award or allowance definitely fixes the amount ultimately to be paid. Flaxman v. Flaxman, 169 Okla. 65, 35 P.2d 950. It has further been the ruling of this court that even though the prayer of the petition does not ask alimony, the allowance of alimony at the time of granting the decree is merely incident thereto. Downing v. Downing, 121 Okla. 273, 249 P. 732.

The case of Stanfield v. Stanfield, supra, cited by the defendant as authority for his argument, gives an insight into the view held by this court in the past. In the second paragraph of the syllabus it is said:

"Where, in a case a divorce is decreed, for the aggression of the husband, and alimony is adjudged to the wife in accordance with an agreement of the parties, duly entered into and made a part of such decree, the same, unaffected by fraud or mistake, is not subject to modification, upon motion filed by the former husband, after the term at which the original decree was made."

Thus it is to be seen that, unless the decree was affected by fraud or mistake, this court did not deem it best to lay down a rule whereby an award could later be modified. The very evident intention of the court being to make such an allowance final.

Section 672, O. S. 1931, gives the court power to grant alimony, division of property, and to make various other orders controlling the parties.

The case of Mitchell v. Mitchell, 20 Kan. 665, is closer in point than any other case we have been able to find. The law laid down in the syllabus is as follows:

"Alimony allowed to a wife on a decree for divorce from the bonds of matrimony by reason of the fault or aggression of the husband, under the statute in this state, is to be based upon the circumstances of the parties at the time of the divorce, and is not to be modified by subsequent changes in these circumstances. The court has no power, on subsequent application showing circumstances thereafter arising, to increase or diminish the allowance given in the original judgment."

Since in the instant case there was no indication nor plea that there was any fraud, and since the defendant did not contend there was any mistake made in granting this decree of which he might have availed himself at the time it was made, we conclude that the decree of divorce made by the trial court was proper.

Judgment of the trial court affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, and DAVISON, JJ., concur. HURST, J., not participating. GIBSON, J., concurs in the conclusion reached in the majority opinion for that the alimony awarded was for a definite sum of money in lieu of a division of property acquired during coverture by the joint industry of the husband and wife, as authorized by statute.