### CIMARRON VALLEY PIPE LINE CO. v. HOLMES.

No. 27375. April 12, 1938.

Nathan Scarritt and E. S. Champlin, for plaintiff in error.

Suits & Jeffrey, for defendant in error.

GIBSON, J. The parties to this appeal will be referred to as they appeared in the trial court.

The material facts of the case are as follows:

The defendant company is the owner of a pipe line transporting oil across Deer creek in Oklahoma county. The creek traverses the land of the plaintiff and is there used by him for watering his stock and for the sale of fishing and picnicking privileges thereon. Plaintiff sought damages for depreciation of the rental and usable value of his premises alleged to be the result of the pollution of Deer creek by a leak in the defendant's pipe line above his premises. The defendant answered by general denial.

On the day of the trial plaintiff was allowed, over objection, to amend his petition by inserting the allegation: "Defendant has permitted oil to continue to escape from its said pipe line from September 6, 1935, down to the 21st day of January, 1936, the day when said cause is set for trial." The defendant filed an amended answer which contained a special denial of the escape of any oil from its pipe line after September 9 or 10, 1935, when, it alleged, said pipe line was repaired.

After overruling the defendant's demurrers to the evidence and motion for a directed verdict, the court sustained the plaintiff's motion for a directed verdict, and submitted the cause to the jury only for the purpose of determining the amount of damages.

The jury fixed the plaintiff's damages at $500, and the defendant company appeals.

The petition in error contains ten assignments, which are argued under three propositions, in all of which it is insisted that the plaintiff's failure to prove negligence on the part of the defendant prevents his recovery herein.

Complaint is first made of the action of the trial court in overruling its demurrer to the evidence and motion for a directed verdict and thereupon virtually directing a verdict for the plaintiff by the giving of instruction No. 4, which limited the scope of the jury's finding to merely fixing the amount of damages. Defendant's argument is that, in thus eliminating the question of the defendant's negligence from consideration, the trial court proceeded upon the theory that the pollution was actionable without proof of the defendant's negligence, and that such a theory is fallacious. It urges that the defendant is liable neither under statutory rules nor common-law rules without proof of negligence on its part. As authority for this assertion, it cites the cases of Johnson Oil Refining Co. v. Carnes, 174 Okla. 599, 51 P.2d 811; Johnson Oil Refining Co. v. Thomas, 174 Okla. 600, 51 P.2d 813, and Gulf Pipe Line Co. v. Sims, 168 Okla. 209, 32 P.2d 902.

But, as we view the record, it is not necessary to discuss the cases cited. We believe that the defendant company so acquiesced in the theory upon which the case was tried and submitted as to preclude its now presenting the question of whether the leakage of oil was negligence on the part of the defendant.

The petition was not based on the theory of negligence, but alleged that the defendant permitted oil to pollute the creek, thus causing the damage for which compensation was sought. No demurrer was filed to the petition, and the amended answer in effect admits that the defendant caused some damages to plaintiff, its special allegations denying that its pipe line leaked or that it allowed oil to escape after September 9th, and denying that the plaintiff suffered damages subsequent to the date it repaired the leak in its pipe, and denying that plaintiff

was entitled to recover for any acts occurring subsequent to the date he filed his original petition. Whether the amended answer superseded the original answer or supplemented it, its allegations contained indirectly admissions which qualified the general denial theretofore filed. Cf. Caldwell v. Baxter, 158 Okla. 76, 12 P.2d 509. In effect, it tendered only three issues—the extent of the plaintiff's damages from the leakage of oil before the repair of the leak, whether there was damage remaining after the leakage, and also whether damages accruing between date of filing petition and trial could be considered.

No objection to the introduction of testimony was had, and defendant's counsel in his opening statement to the jury declared:

"This case is a little bit different from what we lawyers, and especially oil company lawyers, commonly term a pollution case. This is a case where the oil company does not deny that it had a leak in its pipe line; we do not deny that some oil got away and went down the creek, but I don't believe it will be denied by counsel or the plaintiff that it is one of those cases where the parties decided to submit it to a jury for their consideration."

Counsel then explained to the jury how the company had found and repaired the leak, described the plaintiff's premises, how the defendant's employees cleaned up the fishing or watering place of the plaintiff, how quickly they had worked, and, after denying that any fish had been killed, concluded:

"Now, it is the contention of the defendant in this case that Mr. Holmes' damage was not much, and that is a matter which is within the province of the jury, and which we will submit for your consideration."

The plaintiff accordingly directed his testimony to the question of the extent of his damage, and the defendant offered counter evidence on this issue. The defendant demurred to the evidence both at the close of plaintiff's evidence and at the end of the case. Defendant's counsel then stated to the court that he desired to move for a directed verdict. The court responded: "There is only one question to go to the jury." To which counsel replied: "Yes; how much, whether nominal or what." Then, at the request of defendant's counsel, the jury went to the scene where the pollution occurred.

No written request for an instructed verdict was made. No request was made for an instruction concerning negligence, and

no objection was made to the statement of the case by the court defining the issues, in which negligence was not mentioned. Defendant offered three instructions, but they were solely on the question of damages.

Objection was made to the instruction which told the jury in so many words that its verdict should be for the plaintiff, but no objection was made to the giving of instructions numbered 5, 8, 9, 10, the combined effect of which was equivalent to an instruction for the plaintiff. Nos. 5 and 8 read:

"No. 5. You are instructed that the fact being admitted that oil did escape from defendant's pipe line and flow upon plaintiff's premises, it is for you to determine, from a preponderance of the evidence, the extent of the flow, the period of time, within the limit of time set out in these instructions, during which it flowed upon plaintiff's premises, and the extent of the damage, if any, naturally and proximately caused the plaintiff thereby."

"No. 8. You are instructed that the owner of lands through which a stream flows has a right to reasonable use of the water for domestic and other purposes uncontaminated, the right to propagate and catch fish in said stream, and the use of said waters for fishing and watering stock, and that the violation of such rights would entitle plaintiff to be compensated in damages."

Numbers 9 and 10 defined what damages to plaintiff could be considered as the proximate result "caused him by the escape of oil upon his premises from defendant's pipe line."

Certainly defendant's counsel invited the court to instruct the jury only on the issue of damages when he told the court that the only question for the jury was the amount of recovery. The opening statement of counsel for defendant in connection with its pleading, the statement as to the sole issue in the case, and the failure to call the court's attention to any alleged erroneous statement of issues in connection with the pleadings and defendant's attitude towards the instructions, must be taken on the whole to show an acquiescence in the theory that the only issue involved in the case was the amount of damages, notwithstanding its demurrer and other exceptions.

In these circumstances the following rule is applicable.

"A party on appeal in the Supreme Court will not be permitted to secure a reversal of a judgment upon error which he has invited and acquiesced in, or assume a position inconsistent with that taken in the trial court." Hutchins v. Richardson, 100 Okla. 80, 227 P. 432, and cases cited.

There was sufficient evidence to support the verdict on the amount of damages, and the judgment will not be disturbed on any ground attacking it on this theory.

The defendant next complains of the action of the trial court in allowing the plaintiff to amend his petition on the day of trial by inserting an allegation to the effect that the escape of the oil from the pipe line continued from September 6, 1935, to the date that the cause was set for trial. The objection is that this additional allegation changed the issues of the case, and that by the allowance of this amendment defense counsel was taken by surprise, and, being deprived of the opportunity of procuring additional evidence to refute this allegation, said pipe line company's rights were materially prejudiced.

The defendant's theory is that the amendment injected a new issue into the case and changed the plaintiff's cause of action from one for permanent injury to the land to one for temporary injury for the period named in the amendment. An inspection of the pleadings refutes this contention. The plaintiff's complaint is directed at its creation of the polluted condition of Deer creek, and his cause of action is not changed by the additional allegation that the oil continued to escape from the defendant's pipe line subsequent to the date of its first escape. Regardless of whether the pollution of the stream resulted from one escape at an early date or other escapes at later dates, plaintiff's cause of action remained the same. The true test consistently adhered to by this court concerning the allowance of amendments on trial day, as stated in vol. 1, Enc. of Pleading and Practice, at page 564, is:

"* * * Whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope and varying phases of the testimony."

Another rule equally as well established and as universally followed as the one just quoted is stated in Alcorn v. Dennis, 25 Okla. 135, 105 P. 1012, as follows:

"To permit amendments when not changing the cause of action rests within the sound discretion of the trial court, and will not be disturbed on appeal unless it affirmatively appears that its exercise has been abused to the prejudice of the complaining party." (Citing many authorities.)

The granting of a continuance is another

matter that is within the discretion of the trial court and will not be disturbed on appeal unless shown to be prejudicial to the substantial rights of the complaining party. (Section 254, O. S. 1931, 12 Okla. St. Ann. 319; Elliott v. Coggswell, 56 Okla. 239, 155 P. 1146.) In the absence of any complaint by the defendant company that the evidence fails to show that the pollution and resulting damage to the plaintiff's land was caused by oil which escaped from its pipe line before the date of its alleged repair and the date set forth in the original petition, we fail to see how any substantial right of said company has been prejudiced.

Under its third proposition the appellant complains of three of the trial court's instructions, which it is claimed do not correctly state the law governing its liability. One of the objections advanced is that these instructions do not place upon the plaintiff the burden of proving negligence. We have already shown that negligence does not enter into this case. Further complaint is made of two of the instructions, however, on the ground that they refer to liability for the creation of a nuisance, and the defendant argues that such instructions are not proper in a case like the present one, which, they say, in no way pertains to the creation of a nuisance.

In view of what has been said in the first part of this opinion, defendant is not in position to urge this error. If error, it could not have affected the real question submitted to the jury.

For the reasons hereinbefore stated, we find no cause for reversal, and therefore affirm the judgment.

BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and HURST, JJ., concur. OSBORN, C. J., and WELCH and DAVISON, JJ., absent.