## ALCORN v. ALCORN.

No. 29347. April 30, 1940.

*102 P. 2d 121.*

A. F. Moss and H. R. Young, both of Tulsa, for plaintiff in error.

Felix Duvall, of Ponca City, for defendant in error.

OSBORN, J. This action was originally instituted in the district court of Kay county by Myrtle Soldani Alcorn, plaintiff, against John S. Alcorn, defendant, for divorce because of the fault of the defendant, custody of minor children and a property settlement according to a contract entered into between the parties prior to the filing of the petition. The judgment was awarded as prayed for on April 3, 1936. On July 19, 1938, defendant filed his motion to modify the decree, which was denied by the court on September 1, 1938. Thereafter and on March 10, 1939, defendant filed a verified application to reduce payments for child support and for modification of the original decree. From an order overruling the latter application, defendant has presented this appeal. The parties will be referred to as they appeared in the trial court.

The decree which defendant seeks to have modified contains the following provisions:

"And it is by the court further adjudged and decreed that the property settlement heretofore entered into between these parties, dated February 26, 1936, a true and correct copy of which is attached to and made a part of. this journal entry, should be and the same is hereby in all things by the court approved.

"It is by the court further ordered, adjudged and decreed that plaintiff, Myrtle Soldani Alcorn, do have and recover of and from the defendant, John S. Alcorn, as alimony, for the use and benefit of herself and said minor children, the sum of $25,200; and it is by the court further ordered, adjudged and decreed that defendant pay to plaintiff said sum of $25,200 in monthly payments of $200 per month, the first payment of $200 to be made in 15 days from this date; and like payments of $200 each to be made by defendant to plaintiff not later than the 1st day of each consecutive month hereafter until the full sum of said amount and judgment of $25,200 is paid in full."

It appears that the property settlement referred to and incorporated in the decree was in accordance with an agreement entered into after separation and in contemplation of divorce which involved the conveyance of certain lands belonging to plaintiff to the defendant, in addition to the payment of the sum stipulated.

Defendant's application for modification contained an allegation of change in condition; that the plaintiff was in good financial circumstances; that one of the children had married and another was then of age; that only one child was a minor and that he was 13 years old, and the sum of $50 per month would be adequate for his maintenance and support; that defendant had suffered financial reverses and was unable to meet the payments.

At the hearing defendant produced a financial statement of his affairs indicating that his debts and liabilities exceeded his assets when the balance due plaintiff under the terms of the decree was considered. At the close of defendant's evidence, a demurrer thereto was sustained.

Defendant relies upon two propositions for reversal:

"The provisions of the original decree awarding to the plaintiff as alimony, 'for the use and benefit of herself and said minor children, the sum of $25,200,' payable in monthly installments of $200 per month, is too indefinite and uncertain to be valid as an alimony judgment, and is therefore in its entirety a judgment for child support and maintenance.

"A final judgment in a divorce action granting recovery for child support and maintenance may be reduced after its rendition by a showing of subsequent change in conditions of the parties, justifying such modification, and the evidence in the instant case reveals such a change in condition on the part of the defendant as required the trial court to modify such judgment in . substantial accord with the request of the defendant."

With regard to the first proposition, it is defendant's theory that, although the decree calls for a definite sum, and prescribes the method of payment thereof, it is nevertheless invalid as a decree of alimony for the reason that it is impossible to determine the amount awarded for alimony and the amount awarded for support and maintenance of the minor children. He contends that under these circumstances the whole amount must be construed to be a judgment for child support and maintenance and may be modified upon a proper showing. In support of this theory defendant relies upon Ex parte Sinnitt, 178 Okla. 595, 63 P. 2d 955, and Boulanger v. Boulanger, 127 Okla. 103, 260 P. 59.

The Sinnitt Case, supra, holds that where the court decrees payment of a certain sum monthly to the wife, without limitation as to ultimate amount, for alimony and for use or support of the wife and their children, and where no other provision is made for the support of the children, the courts will deem that such monthly sum is for the support of

the children and their education, even though it be called alimony, and will not hold the decree to be void because of indefiniteness as to the ultimate amount of alimony.

The point apparently overlooked by defendant in applying this case to the situation here presented is the fact that in the Sinnitt Case *there was no limitation as to ultimate amount.* The views expressed in both the majority and dissenting opinions are predicated upon this fact.

In the Boulanger Case, supra, and in Hadley v. Hadley, 129 Okla. 219, 280 P. 1097, and Dutton v. Dutton, 97 Okla. 234, 223 P. 149, also relied upon by defendant, there was a similar indefiniteness as to the maximum amounts to be paid, and this court construed the decrees as awards for child support.

It appears to be defendant's position that, since the decree indicates that the money is to be used for the support of the wife and the children, it is ipso facto void as an award for alimony, in spite of the fact that the maximum amount is definite and certain, and is termed "alimony" in the decree.

The record discloses that the plaintiff delivered to defendant deeds to certain lands, and waived any interest in the remainder of his property, in accordance with the property settlement agreement, when the matter was being first considered by the trial court, and at the hearing of the application here considered it appears that defendant is still the owner of this property. It further appears that at that time one of the children was of legal age, another was within a year of legal age, and has now attained his majority, while the third was and is yet a minor. In view of these facts, and the wording of the decree, we conclude that the sum of $25,200 was intended as alimony to the wife, that it was an integral part of the property settlement adjudicated by the court, and that it was intended that she support herself and the children with the payments to be made by defendant, without restrictions as to what proportion of said sum should be spent for the support of the children. We find no justification for the conclusion that the fund is for maintenance and support of the children to the exclusion of alimony for the wife.

In Bowen v. Bowen, 182 Okla. 114, 76 P. 2d 900, this court held:

"Alimony allowed to a wife on a decree for divorce from the bonds of matrimony by reason of the fault or aggression of the husband, under the statute in this state, is to be based upon the circumstances of the parties at the time of the divorce, and is not to be modified by subsequent changes in these circumstances. The court has no power, on subsequent application showing circumstances thereafter arising, to increase or diminish the allowance given in the original judgment."

In view of our conclusion that the sum awarded herein is alimony, and no appeal was had from the original decree, it follows, in the absence of any allegation of fraud, that the same is not subject to modification upon application of defendant alleging a change in circumstances. See, also, Gilcrease v. Gilcrease, 186 Okla. 451, 98 P. 2d 906.

Having taken this view of the matter, it is not necessary to give consideration to defendant's second assignment of error.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN and DAVISON, JJ., concur.