CANADA v. CANADA.

No. 30323.   Feb. 3, 1942.

*121 P. 2d 989.*

H. M. Jarrett, of Chandler, for plaintiff in error.

M. A. Cox, of Chandler, for defendant in error.

PER CURIAM. This is an appeal from an order modifying a judgment in a divorce proceeding. On the 8th day of September, 1939, Leonard Irvin Canada obtained a divorce from Effie Canada. Therein the court entered a judgment for the defendant for alimony in the sum of $4,600, payable $40 per month until the youngest daughter became 18 years of age and $30 per month thereafter. On the 26th day of December,

1939, plaintiff applied for an order modifying the decree, and on the 3rd day of May, 1940, the court reduced the judgment to $3,600 and ordered payment of $30 per month. Thereafter, on the 18th day of November, 1940, plaintiff filed a further application for modification, and on the 10th day of January, 1941, the court ordered the payments reduced to $10 per month until $3,600 had been paid.

The defendant appealed. Plaintiff has filed a motion to dismiss which is without merit. The motion is predicated upon the assumption that this is an attempt by one proceeding to vacate, modify, and reverse two judgments. The final order from which the appeal is taken was entered on January 10, 1941. The defendant saved exceptions thereto, and therefore has a right to appeal therefrom. The motion to dismiss is denied.

The evidence on the proceedings is not brought to this court. The sole question presented, aside from the motion to dismiss, is that the court was without authority to change the prior order.

We need not notice the action on the original judgment taken on the 8th day of September, 1939, further than to state that within the term the plaintiff filed a motion to modify the judgment, and we think that the defendant has overlooked the case of Nichols v. Bonaparte, 171 Okla. 234, 42 P. 2d 866, in which it is announced that a court may, within its discretion, vacate a judgment after term under the same rule and with the same discretion that is allowed to be exercised where the application is filed within the term. The order of May 3, 1940, was not void therefore, since the judgment was taken in September, 1939, and could be changed at the discretion of the court, since the application was filed in December, 1939.

This leaves for our sole consideration the order of January 10, 1941. This order was made after the term which ended in July, 1940, and the application likewise was filed after the term, to wit, November 18, 1940.

The only cases cited by the plaintiff in support of the right to change and modify the decree are Taliaferro v. Reirdon, 186 Okla. 607, 99 P. 2d 500; Banta v. Hestand, 181 Okla. 551, 75 P. 2d 415; Cimarron Valley Pipe Line Co. v. Holmes, 182 Okla. 450, 78 P. 2d 403; Hutchins v. Richardson, 100 Okla. 80, 227 P. 432, and are in support of his assertion that on appeal the party will not be permitted to secure a reversal of a judgment on error which she has invited or acquiesced in. Although this might be true as to the judgment of May 3, 1940, it will not dispose of the right to take an appeal from the order of January 10, 1941. The defendant did not acquiesce therein or consent to its being taken.

Reference is made to the following cases: Dutton v. Dutton, 97 Okla. 234, 223 P. 149; Alcorn v. Alcorn, 187 Okla. 196, 102 P. 2d 121; Bowen v. Bowen, 182 Okla. 114, 76 P. 2d 900; Gilcrease v. Gilcrease, 186 Okla. 451, 98 P. 2d 906. Both parties confess that these cases are not directly in point. The rule generally announced in these authorities is taken from Alcorn v. Alcorn, supra, and is stated as follows:

"Alimony allowed to a wife on a decree of divorce from the bonds of matrimony by reason of the fault or aggression of the husband, under the statute in this state, is to be based upon the circumstances of the parties at the time of the divorce, and is not to be modified by subsequent changes in these circumstances. The court has no power, on subsequent application showing circumstances thereafter arising, to increase or diminish the allowance given in the original judgment."

The rule is the same whether the husband or the wife obtains the divorce. Gilcrease v. Gilcrease, supra. In Pryor v. Pryor, 88 Ark. 302, 129 Am. St. Rep. 102, cited in 17 Am. Jur., Divorce, sec. 499, in which that court held that the trial court was without authority to change the terms and method of payment in a decree of divorce which approved a contract of settlement, the Supreme Court of Arkansas refused to disturb the settlement both as to the

amount and the method of monthly payments. We think the same rule applies to the amount of the monthly payment as does to the fixed and total sum of said decree. It is a well known rule of law that a court will not be permitted to do indirectly what it cannot do directly. It becomes unnecessary to discuss by example the extent to which a decree which changes the monthly payments might go in rendering impossible regular stated payments ordered in the original decree. It is sufficient to state that many examples could be imagined and presented as argument for the fact that the reduction in a substantial amount does affect and change the decree. We hold that under the above-cited cases a change from $30 per month to $10 per month is a change of the decree in that it is an attempt to diminish the allowance given in the original judgment.

The cause is reversed and remanded, with directions to the trial court to vacate the order of January 10, 1941, and to reinstate the order of May 3, 1940.

Reversed and remanded, with directions.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. RILEY, GIBSON, and DAVISON, JJ., absent.