VANDERSLICE v. VANDERSLICE.

No. 31786.  June 5, 1945.

*159 P. 2d 560.*

E. L. Richardson, of Lawton, for plaintiff in error.

Thos. J. Huff, of Walters, for defendant in error.

DAVISON, J. This cause is presented on appeal from the district court of Comanche county. On January 2, 1942, Dorothy Vanderslice, as plaintiff, instituted this action for a divorce in the district court of Comanche county against James C. Vanderslice, as defendant. Thereafter, and on January 9, 1942, James C. Vanderslice filed a "Waiver and Entry of Appearance," which, in addition to the usual language waiving the service of summons and entering the appearance of defendant, recited that the parties had reached an agreement concerning the custody of their minor children and respecting the payment of money for child support and for alimony. The instrument contained the following recitation:

". . . it being understood and agreed, however, that the said parties have stipulated and agreed concerning any order of alimony to be entered therein, and as to the custody of said children and the order of the Court to be made in reference to maintenance and support money for said children, and the Court is informed that plaintiff is to have the custody of the two minor children of said marriage, to wit: George Curtis Vanderslice, born September 24, 1935, aged six years; and James C. Vanderslice, Jr., born August 9, 1939, aged two years, with reasonable right of visitation by defendant at proper times and places, and that defendant has delivered toward the support of said wife and children, all of the household furniture, equipment and utensils owned by said defendant, to the said plaintiff, and agrees to pay the cost of this action, but no attorney's fees to be charged thereto, and as alimony, the sum of $50.00 to be paid to said plaintiff on or before the tenth day of February, 1942, which is to be in full for alimony and support money for said children to and until February 10, 1942, and thereafter, defendant is to pay this plaintiff on or before the tenth day of each succeeding month, the sum of $50.00 per month as alimony and the further sum of $25.00 per month each for the support of said children so long as she cares for them and until the said children become of the age of majority or until otherwise ordered by the Court, the alimony to terminate upon the youngest child's arriving at majority."

Thereafter, and on the 9th day of January, 1942, the cause was heard and judgment was entered for the plaintiff granting the divorce, awarding the custody of the minor children and providing for the payment of money for child support and for alimony.

Respecting the money to be paid for child support and as alimony, the decree provided:

"It is further ordered, adjudged and decreed that the defendant pay to the plaintiff as her reasonable alimony in money, the sum of $50.00 per month beginning February 10, 1942, and on or before the tenth day of each month thereafter, until the youngest child shall have reached the age of twenty-one

years and, in addition to the said alimony, shall pay to the plaintiff the sum of $25.00 per month for each of the said children for their maintenance, support and education during their minority, beginning on or before the 10th day of March, 1942."

Thereafter, and on July 22, 1943, the defendant filed in the district court a "Motion to Vacate Void Judgment," and on September 28, 1943, filed an "Amended Motion to Vacate Void Judgment," to which the plaintiff, on December 16, 1943, filed her response. This motion pertained only to the alimony awarded plaintiff.

On December 20, 1943, the matter was heard and the court entered its "Order Modifying Judgment as to Alimony." The trial court ordered and decreed that the decree for the payment of alimony be vacated and set aside for the reason that the same was indefinite as to the amount of alimony ultimately to be paid. The plaintiff, respondent before the trial court, has appealed and appears before this court as plaintiff in error. We shall continue to refer to the parties by their trial court designation.

In presenting the cause for review, plaintiff states that:

"The decree is sufficiently definite and certain under the laws of Oklahoma and the court was without authority to modify it."

Title 12 O.S. 1941 § 1278 reads in part as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable.... .."

Under the above-quoted provision of the statute this court has held that the amount of alimony to be paid must be ascertainable from the divorce decree. Oder v. Oder, 149 Okla. 63, 299 P. 202; Javine v. Javine, 134 Okla. 283, 273 P. 267; Welch v. Welch, 145 Okla. 286, 292 P. 824; Alcorn v. Alcorn, 187 Okla. 196, 102 P. 2d 121; Murphy v. McElroy, 185 Okla. 388, 92 P. 2d 369; Boulanger v. Boulanger, 127 Okla. 103, 260 P. 49; Dutton v. Dutton, 97 Okla. 234, 223 P. 149; and Finley v. Finley, 174 Okla. 457, 50 P. 2d 643.

None of the foregoing cases dispose of the question herein presented to this court. The plaintiff relies upon Wharton v. Jackson et al., 107 Neb. 288, 185 N.W. 428, and the defendant presents Catren v. Catren, 136 Kan. 864, 18 P. 2d 134.

The difficulty with the divorce decree in this action is that it fails to contemplate the possibility of death of the youngest child of the parties. If the child should die during its minority, the amount of alimony to be paid would be materially lessened. In view of the contingency of the child's death, the amount to be paid under the decree cannot be ascertained at this time.

In Catren v. Catren, supra, the Kansas court was confronted with a similar question and decided that the decree of divorce there involved was indefinite as to amount. It said:

"An award of permanent alimony in a divorce action payable in installments depending on contingencies that may or may not happen, without fixing a definite aggregate sum to be paid, is void and may be vacated at any time on application of a party affected thereby."

In the case of Wharton v. Jackson, supra, the Nebraska court was presented a similar situation. It indulged the presumption that a minor child would live to attain his majority, and held that the amount of alimony to be paid was therefore ascertainable from the face of the divorce decree.

Our statute, section 1278, supra, was adopted from the State of Kansas. The decisions of the Supreme Court of that state are therefore peculiarly persuasive in this jurisdiction, the statutory provision being the same. We are therefore disposed to follow and apply the holding of the Kansas court in Catren v. Catren, supra. As a result we affirm the decision of the trial court.

According to the record before us, the plaintiff, Dorothy Vanderslice, has remarried. Our affirmance of the decision of the trial court does not deprive Mrs. Vanderslice of any right to alimony which she may have. The question of what alimony, if any, she may be entitled to is still open for decision. Finley v. Finley, supra.

We conclude that the decision of the trial court should be, and the same is, affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.