JOHN Q. ADAMS, PETITIONER *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 6679-74.    Filed August 3, 1976.

John Q. Adams, pro se.
*J. Michael Adcock,* for the respondent.

IRWIN, *Judge:* Respondent determined deficiencies in
petitioner's Federal income tax as follows:

| Year ending | Deficiency | Additions under sec. 6651(a)[1] | Additions under sec. 6653(a) |
|---|---|---|---|
| 12/31/66 | $1,243.00 | $306.00 | $195.00 |
| 12/31/67 | 2,310.56 | 553.00 | 202.00 |
| 12/31/68 | 2,826.00 | 606.00 | 218.00 |
| 12/31/69 | 1,901.63 | 475.40 | 270.92 |

Petitioner has conceded the correctness of all of respondent's
adjustments in the notice of deficiency except one, leaving as the
only issue for our resolution: whether petitioner is entitled to
deduct, under section 215, amounts paid as alimony to his former
wife in each of the years in question pursuant to a decree of
divorce entered on August 11, 1966.

### FINDINGS OF FACT

All of the facts have been stipulated and are so found. The
stipulation of facts, together with the exhibits attached thereto
are incorporated herein by this reference. The case has been sub-
mitted for our decision under Rule 122, Tax Court Rules of
Practice and Procedure.

Petitioner John Q. Adams resided in Vinita, Okla., at the time
of filing the petition in the present case. For his taxable years
1966 through 1969 petitioner filed Federal income tax returns
with the District Director of Internal Revenue in Oklahoma
City, Okla. None of the returns was timely filed. Petitioner's
income tax returns for 1966 and 1969 were filed on March 31,

---

[1] All statutory references are to the Internal Revenue Code of 1954, as in effect for the
years in issue.

1971; his income tax returns for 1967 and 1968 were filed on April 7, 1970.

On August 11, 1966, petitioner was divorced from his wife, Hazel Jean Adams. The divorce decree entered on that date by the District Court within and for Craig County, State of Oklahoma, stated in part:

IT IS THE FURTHER ORDER OF THE COURT that the Defendant [John Quincy Adams] shall pay to the Plaintiff [Hazel Jean Adams] an alimony judgment in the amount of $23,800.00, payable at the rate of $200.00 per month, beginning on August 11, 1966, and on the 11th day of each month thereafter until said alimony judgment is paid in full; and the Court further orders that said alimony payments shall not terminate upon the remarriage of the Plaintiff; * * *

The parties have stipulated that the payments made pursuant to this decree are in the nature of alimony and will be paid over a period less than 10 years from the date of the decree. A contract for settlement and division of all the property of the marriage was made a part of the decree.

On his income tax returns for the years in question, petitioner deducted the following amounts as alimony paid to his former wife:

| 1966 | $1,000 | 1968 | $2,400 |
| 1967 | 2,400 | 1969 | 2,400 |

Respondent disallowed these deductions in their entirety.

### OPINION

The issue we must decide is whether petitioner is entitled to deduct any of the alimony payments made to his former wife pursuant to the divorce decree entered on August 11, 1966.

Petitioner contends that such payments were periodic payments within the meaning of section 71(a)(1) and are, therefore, deductible by him under section 215. Respondent contends the payments were not periodic payments under section 71(a)(1) and are not deductible.

Generally, a husband is allowed a deduction for amounts paid as alimony to his wife pursuant to a divorce decree, if such amounts are includable in the wife's gross income.[2]

Section 215(a) provides:

---

[2] The rule is subject to exceptions not relevant here.

In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year.

We must determine, therefore, whether the amounts paid by petitioner to his former wife pursuant to the divorce decree of August 11, 1966, are includable in the former wife's gross income.

Section 71 provides:

(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

The only dispute which the parties have been unable to resolve is whether the payments made by petitioner constitute "periodic payments" within the meaning of section 71(a)(1).

Section 71(c)(1)[3] provides:

For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, * * * shall not be treated as periodic payments.

While petitioner's payments seem to fit squarely within section 71(c)(1) and would, therefore, not be periodic payments, respondent's regulations provide an exception which petitioner argues is applicable here. Section 1.71-1(d)(3), Income Tax Regs., provides:

(3)(i) Where payments under a decree, instrument, or agreement are to be paid over a period ending 10 years or less from the date of such decree, instrument, or agreement, such payments are not installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree, instrument, or agreement (and are considered periodic payments for the purposes of section 71(a)) only if such payments meet the following two conditions:

(a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and

(b) Such payments are in the nature of alimony or an allowance for support.

(ii) Payments meeting the requirements of subdivision (i) are considered periodic payments for the purposes of section 71(a) regardless of whether—

---

[3] Because the payments pursuant to the divorce decree will not last "over a period ending more than 10 years from the date of such decree," sec. 71(c)(2) is not applicable here.

(*a*) The contingencies described in subdivision (i)(*a*) of this subparagraph are set forth in the terms of the decree, instrument, or agreement, or are imposed by local law, or

(*b*) The aggregate amount of the payments to be made in the absence of the occurrence of the contingencies described in subdivision (i)(*a*) of this subparagraph is explicitly stated in the decree, instrument, or agreement or may be calculated from the face of the decree, instrument, or agreement, or

(*c*) The total amount which will be paid may be calculated actuarially.

Since the payments are in the nature of alimony, we need only decide whether any of the contingencies referred to in section 1.71-1(d)(3)(i)(*a*), Income Tax Regs., are present in this case. None of these contingencies is expressly provided for in the terms of the divorce decree or in a separate instrument or agreement. We must, therefore, look to Oklahoma law to resolve this dispute.

Petitioner argues that Okla. Stat. tit. 12, sec. 1289 (1965), makes the alimony payments in this case contingent. That statute, enacted in 1965, provides:

In a divorce decree which provides for periodic payments of alimony, the Court may, in its discretion, declare that the obligation to pay future installments automatically ceases on the death or remarriage of the person receiving the alimony.

In 1967 the statute was amended so as to apply only to divorce decrees entered on or before December 31, 1967. As amended the statute is identified as Okla. Stat. tit. 12, sec. 1289(a) (Supp. 1967).[4]

The above-quoted Oklahoma statute was clearly applicable at the time petitioner was granted a divorce from his wife. However, in the divorce decree the trial court did not declare the alimony payments were terminable upon the death or remarriage of petitioner's former wife. Rather, the court expressly declared that the payments would not terminate on the remarriage of the wife. No statement was made in the decree regarding the circumstances of death of the wife or change in economic status.

Petitioner rests his case on Rev. Rul. 59-190, 1959-1 C.B. 23, by suggesting that the original divorce decree could be modified to

---

[4] Prior to the enactment of Okla. Stat. tit. 12, sec. 1289 (1965), Oklahoma law did not permit termination of alimony payments on contingent changes of circumstance. An award of alimony was required to be stated in a specific amount (although it could be payable in installments). The wife had an absolute property right to the gross amount provided in the decree. *Dobry v. Dobry,* 203 Okla. 327, 220 P.2d 698 (1950). A provision terminating alimony on a contingent occurrence (such as remarriage or death prior to full payment) would render the award void. *Vanderslice v. Vanderslice,* 195 Okla. 496, 159 P.2d 560 (1945); *Bishop v. Bishop,* 194 Okla. 209, 148 P.2d 472 (1944). Cf. *Dowdell v. Dowdell,* 463 P.2d 948 (Okla. 1970).

provide for the termination of alimony payments on the occurrence of one of the contingencies referred to in section 1.71-1(d)(3), Income Tax Regs.[5] He does not, however, provide us with any case law in Oklahoma supporting his contention. The one case he does cite, *Johnson v. Johnson,* 460 P.2d 954 (Okla. 1969), is readily distinguishable. There the court said, at page 956, "Alimony may not be discharged in bankruptcy, * * * but may terminate upon death. 12 O. S. Supp. 1965, § 1289, since amended." However, in *Johnson* the alimony agreement incorporated in the original divorce decree stated expressly that the alimony payments were to terminate on the death of the wife. No question of modification of the original decree was raised or resolved in that decision.

We believe that Oklahoma law does not allow modification of the original divorce decree, once it has become final, based on the contingencies of death, remarriage, or change in economic status. In *Gilcrease v. Gilcrease,* 186 Okla. 451, 98 P.2d 906 (1939), the Supreme Court of Oklahoma held that permanent alimony must be awarded either in specific property or in a definite sum of money, and as such is a final judgment not subject to modification on the ground the former wife remarried. See also *Canada v. Canada,* 190 Okla. 203, 121 P.2d 989 (1942); *Alcorn v. Alcorn,* 187 Okla. 196, 102 P.2d 121 (1940); *Bowen v. Bowen,* 182 Okla. 114, 76 P.2d 900 (1938).[6]

Petitioner's argument seems to be that Okla. Stat. tit. 12, sec. 1289, changed existing law, not only to allow provision for the contingent termination of alimony payments in the original divorce decree, but also to allow modifications of divorce decrees which have become final. We disagree.

In *Wilbanks v. Wilbanks,* 441 P.2d 967 (Okla. 1968), the Supreme Court of Oklahoma addressed the question of whether a divorce decree entered before the enactment of Okla. Stat. tit. 12, sec. 1289, could be modified during the years in which the statute was effective. In concluding that no modification was permitted the court said:

---

[5] We do not understand petitioner to argue that such termination of payments on the death or remarriage of the wife is to be implied from common law in Oklahoma. Nor do we think such a contention would be persuasive. *Bishop v. Bishop, supra.*

[6] Modification is allowed only where the original divorce decree is shown to be invalid. *Munsey v. Munsey,* 385 P.2d 902 (Okla. 1963); *Finley v. Finley,* 174 Okla. 457, 50 P.2d 643 (1935).

we hold that * * * [Okla. Stat. tit. 12, sec. 1289] applies only to those divorce decrees entered after its effective date and which include *as originally entered by the court, a provision terminating alimony payments in the event of remarriage or death of the person receiving the alimony.* [441 P.2d at 970. Emphasis supplied.]

In petitioner's divorce decree the trial court did not provide for the termination of alimony payments on the occurrence of contingent future events. Since modification of that order could not be made once it became final, none of the contingencies in section 1.71-1(d)(3), Income Tax Regs., can apply to the alimony payments in question. Such payments, therefore, are not periodic payments includable in the gross income of petitioner's former wife under section 71(a)(1), and are not deductible by petitioner under section 215.

*Decision will be entered for the respondent.*