LORN L. HINISH AND ELBA S. HINISH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hinish v. Commissioner
Docket No. 11144-76.
United States Tax Court
T.C. Memo 1978-207; 1978 Tax Ct. Memo LEXIS 308; 37 T.C.M. (CCH) 880; T.C.M. (RIA) 780207; June 6, 1978, Filed Lorn L. Hinish, pro se. Susan B. Watson, for the respondent. FEATHERSTON
*309 MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $967.60 in petitioners' 1974 Federal income tax. Concessions having been made by the parties, the sole issue for decision is whether petitioners are entitled to an alimony deduction of $2,063 pursuant to section 215. [1]/ FINDINGS OF FACT Petitioners Lorn L. Hinish and Elba S. Hinish, husband and wife, were legal residents of Clarksville, Maryland, when they filed their petition and amended petition. The couple filed a joint Federal income tax return for 1974. Lorn L. Hinish (hereinafter petitioner) separated from his former wife, Hilda, sometime in 1971. A separation agreement was later signed by Lorn and Hilda on August 17, 1971. In pertinent part this agreement reads as follows: 4. ALIMONY: The wife does hereby waive her right to alimony, past, present and future. 5. PROPERTY SETTLEMEN: The husband hereby agrees to pay to wife the sum of Fourteen Thousand ($14,000.00) Dollars, in consideration for which *310 wife does covenant and agree to convey to the husband all of her right, title and interest in a certain residential property known as 6413 Lochridge Road, Clarksville, Howard County, Maryland. Husband agrees to apply for a second mortgage on said property within thirty (30) days hereof for the purpose of paying the wife said Fourteen Thousand ($14,000.00) Dollars. In any event the husband agrees to immediately list the said property for sale for the purpose of selling said property. The sale price shall be determined by a certified F.H.A. Appraiser. The Husband agrees to make all efforts reasonable to sell said house and in the event said house is not sold and the said Fourteen Thousand ($14,000.00) Dollars is not paid to the wife within one (1) year of the execution hereof the house shall be sold at public sale. During the period of time prior to said money settlement, the husband agrees to pay the rent for an apartment for the wife and the child, but in no event shall Husband's payment for said monthly rental exceed One Hundred Seventy ($170.00) Dollars, which said payment is in addition to any other payments set out in this agreement. [Emphasis added.] Petitioner and *311 Hilda owned the house at 6413 Lochridge Road as tenants by the entireties. At the time she signed the agreement, Hilda was not employed full time. Her only source of income was from sales of cosmetic products on a part-time basis. Pursuant to the agreement, petitioner paid rent in the amount of $170 per month for an apartment for Hilda and his daughter from September 1971 through November 1972. The total rent for the apartment was $185, and Hilda was responsible for the payment of the additional $15 per month. Petitioner stopped making the payments at the time of his and Hilda's divorce on November 17, 1972. On March 20, 1974, the Circuit Court for Howard County, Maryland, granted Hilda's request for specific performance of section 5 of the separation agreement. After the Court of Special Appeals' affirmance of the Circuit Court's order, petitioner in March of 1974 paid Hilda $14,000 for her interest in the house, $1,700 for rent from November 1972 through September 1973, and $363 for moving and storage expenses. Petitioners claimed an alimony deduction of $2,063 on their 1974 Federal income tax return. Respondent in his notice of deficiency disallowed the entire deduction *312 for failure to satisfy the requirements of section 215. OPINION Section 215(a) allows a husband, in computing his taxable income, to deduct amounts paid by him during the year if such amounts are includable under section 71 in the gross income of his wife or former wife. Section 71(a)(2) [2]/ provides that if a wife is separated from her husband and a written separation agreement is executed after August 16, 1954, "the wife's gross income includes periodic payments * * * made under such agreement and because of the marital or family relationship." Payments made under the agreement are includable in the wife's gross income whether made prior to or after divorce or legal separation. Sec. 1.71-1(b)(2)(i), Income Tax Regs.
*313 Under section 71(c), [3]/ installment payments made over a period of 10 years or less which discharge the husband's obligation to pay a principal sum of money as specified in the agreement are not treated as periodic payments for section 71(a) purposes. Nonetheless, if such installment payments "are in the nature of alimony or an allowance for support" and are subject to the contingencies of death or change in the economic status of either spouse or remarriage of the wife, they will be considered periodic payments. Sec. 1.71-1(d)(3)(i), Income Tax Regs.[4]
*314 Petitioner contends that the $1,700 which he paid to Hilda, his former wife, in March of 1974, pursuant to the court decree requiring specific performance of section 5 of the separation agreement, and the $363 paid to Hilda for her moving and storage expenses were periodic payments in the nature of a support obligation which arose from a marital or family obligation and are thus deductible. We agree with petitioner only with regard to the $1,700 payment. The $363 moving expense payment was a nonperiodic payment which does not qualify as a deduction. The mere fact that the $1,700 was paid in a lump sum does not mean that it was not a periodic payment. A lump sum payment for arrearages of otherwise qualifying periodic payments is itself qualified. Davis v. Commissioner,41 T.C. 815 820 (1964). Respondent argues, however, that the parties under section 5 of the separation agreement contemplated that the $170 monthly rental payments would continue for only one year. Therefore, this argument continues, since the payments were not subject to the contingencies listed under section 1.71-1(d)(3)(i), Income Tax Regs., quoted in footnote 4, supra, they are not *315 excepted from the restrictions of section 71(c) disqualifying installment payments of a principal sum made over a period of 10 years or less. Respondent's argument lacks merit. It fails to recognize that the installment payments were not made in discharge of an obligation to pay a "principal sum" within the meaning of section 71(c). See Adams v. Commissioner,66 T.C. 830, 832-833 (1976). Pursuant to section 5 of the separation agreement, petitioner was required to pay Hilda $14,000 within one year of the execution of the settlement agreement. If not paid within that year, the house at 6413 Lochridge Road was to be sold at public auction. During the entire period of time prior to the money settlement, petitioner was required to make the monthly payments. The total amount petitioner would be required to pay for the rent was not capable of mathematical computation since it was contingent on when the money settlement occurred. The settlement could have been made within the year or later. Cf. Kent v. Commissioner,61 T.C. 133, 136 (1973). Respondent, in addition, argues that the monthly payments for rent were part of a property settlement and *316 not a discharge of an obligation arising out of the family or marital relationship. Respondent relies principally on this Court's decision in Sydnes v. Commissioner,68 T.C. 170, 176-177 (1977), on appeal (8th Cir. Oct. 31, 1977), where we held that certain mortgage payments made by the husband did not constitute alimony but rather were part of a property settlement. In considering the issue, which is essentially factual, this Court concluded that the following three factors indicated that the payments made in that case were part of a property settlement: the nonterminability of the payments upon the death of the wife; the nonfluctuating amount of the monthly payments; the existence of a fixed sum to be paid. That case is distinguishable from the instant one. As discussed above, the total amount which petitioner was required to pay was indefinite, depending upon the date of the sale of the residence, and thus the third of the three Sydnes factors is not present here. Although in actuality the payments did not fluctuate from the maximum provided for in section 5 of the separation agreement, the agreement provided for the possibility that they could do so. *317 Petitioner was to pay "the rent for an apartment" which could have been less than, but not more than, $170 per month. This was not the situation in Syndns. In addition, unlike the facts in Sydnes, since the payments in this case were to be "for an apartment for the wife and the child," they necessarily would terminate in the event of Hilda's death. In the instant case, one compelling factor is that Hilda at the time of execution of the separation agreement was unemployed except as a part-time salesperson of cosmetics. Although the required payments were not specifically tied to her needs, and in fact were less than the actual rent on her apartment, we think that the parties intended that the payments would provide a part of her support during the period of time prior to the money settlement. The evidence indicates that she needed those payments for her support and that they were designed to help meet her support needs pending the house settlement. Our conclusion is not altered by the facts that the requirement for these payments was included in the section of the separation agreement entitled "Property Settlement" and that section 4 of the agreement stated that Hilda *318 waived her rights to alimony. The amount of $14,000 which she was to receive for her interest in the house was not affected by the monthly rental payments petitioner was to make. The labels attached to payments made in connection with separation and subsequent divorce are not controlling. Weiner v. Commissioner,61 T.C. 155, 159 (1973). [5]/ To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.
2. / SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS * * * (2) Written Separation Agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly.↩
3. / SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (c) Principal Sum Paid in Installments.-- (1) General Rule.--For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. (2) Where Period For Payment is More Than 10 Years.--If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received. ↩
4. This regulation reads as follows: Where payments under a decree, instrument, or agreement are to be paid over a period ending 10 years or less from the date of such decree, instrument, or agreement, such payments are not installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree, instrument, or agreement (and are considered periodic payments for the purposes of section 71(a)) only if such payments meet the following two conditions: (a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) Such payments are in the nature of alimony or an allowance for support.↩
5. / The $170 monthly payments petitioner was required to make in the instant case are different in character from the car lease payments, pending transfer of title to the wife, which the husband-taxpayer was required to make in Tracy v. Commissioner,↩ 70 T.C.     (June 5, 1978). The car lease payments were not support but were an element of a property settlement.