## HUNT-MURRY CO. et al. v. GIBSON.

No. 21582. Opinion Filed May 3, 1932.

S. J. Berton, for plaintiffs in error.

William M. Taylor and George R. Taylor, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error, herein referred to as plaintiff, against plaintiffs in error, herein referred to as defendants, in an action brought by plaintiff to recover actual and exemplary damages on account of the acts and conduct of defendant C. W. Mantooth, manager and in charge of a general store owned and operated by defendant Hunt-Murry Company, a corporation.

The petition of plaintiff charges, in substance, that on September 26, 1929, a number of merchants of the city of Cushing, including Hunt-Murry Company and a millinery firm known as the Grace Hat Shop, were conducting a style show in said city, the

purpose of which was to place upon exhibition and advertise their goods, wearing apparel, etc. Models were employed by the merchants to wear and display their merchandise before the public. Plaintiff had been engaged as a model for the Grace Hat Shop to wear, exhibit, and show their hats and other merchandise. The defendant Hunt-Murry Company had on display at said show a costly and beautiful fur piece; that plaintiff obtained permission from Mantooth to wear the fur piece while on the platform exhibiting a hat for the Grace Hat Shop; that upon obtaining such permission she placed said fur over her shoulders and around her neck and fastened or snapped the same; that as she, in company with two others engaged by the Grace Hat Shop, was about to ascend the steps leading to the platform where the exhibition or show was being held, and in the presence and view of a large number of spectators, including a number of her friends and acquaintances, defendant Montooth, without any warning or without any reason therefor, suddenly approached her at her back and in an excited, rude, angry, and insulting manner and with violence snatched, jerked, and pulled said fur from her shoulders and neck in such a way as to cause her to suffer and sustain physical injury, and injury to her health, mental pain, and anguish to her damage in the sum of $5,000. She further alleged that by reason of the wrongful, unlawful acts of said defendant, her success and appearance as a model was interfered with, and that on account thereof she suffered great mental pain and anguish, great insult, shame, and humiliation, which greatly and materially injured her health and subjected her to the serious suspicion, criticism, and loss of confidence and trust of her friends and associates, to her further damage in the sum of $5,000. She prayed for $10,000 actual, and $10,000 exemplary damages.

After separate unsuccessful demurrers to certain paragraphs of the petition, defendants answered separately by general denial.

The cause was tried to a jury, resulting in a verdict and judgment for plaintiff for $450 actual damages and $450 exemplary damages, from which judgment defendants appeal.

The first proposition presented is that plaintiff failed to either plead or show actual damages in her petition, or prove actual damages in her evidence. Under these propositions defendants apparently attempt to raise the question of alleged error in overruling their special demurrers to certain paragraphs of the petition upon the ground that they pleaded mere conclusions. No general demurrer to the petition was filed.

The paragraphs at which the special demurrers were leveled of themselves did not state a cause of action, but when taken in connection with the first eight paragraphs, a good cause of action was pleaded. The facts constituting the cause of action were contained in the first eight paragraphs, and these were not assailed except by general objection to the introduction of any evidence.

Defendants cite two cases in support of their contention, viz., International Harvester Co. v. Cameron, 25 Okla. 256, 105 P. 189, and Dame v. Cochita Red. & Imp. Co. (N. M.) 79 P. 296. These cases are authority for the proposition that where there is no averment of facts in the petition from which the conclusions of law are drawn, the same will have no force in the pleadings, but they are not in point in this case, for the reason that the facts are pleaded in the first eight paragraphs of the petition, from which the alleged conclusions in the paragraphs attacked were drawn.

It is next contended that plaintiff failed to prove any element of actual damage.

The plaintiff produced evidence showing the taking of the fur from her person under circumstances substantially as alleged in the petition, although, as is usual, the petition was somewhat stronger than the proof with respect to the degree of force and violence used. She testified that the fur was forcibly removed from around her neck, and that she was compelled to go on through the exhibition without the fur or other wrap. She testified, in substance, that on account of the acts of defendant Mantooth she felt sick and faint, and that it caused her to be nervous for weeks thereafter and that she could not sleep, and that she was compelled to go to a doctor, who treated her. This was sufficient to support a verdict for actual damages in any reasonable amount which would compensate plaintiff for all detriment approximately caused by the acts complained of.

It is next contended that plaintiff could not recover exemplary or punitive damages for the reason that no actual damages were shown. We have already pointed out that there was evidence sufficient to support a verdict for actual damages. The cases cited by defendants in support of this contention, though stating the general rule, clearly are not in point, in that they are either cases where there was no evidence of actual damages or where the jury returned a verdict for exemplary damages, but failed to return a

verdict for actual damages. Such is not the case here.

Finally it is contended that defendant Hunt-Murry Company is not liable for the reason that the evidence does not show that the company had any connection with, or ever ratified the acts of defendant Mantooth. Defendants in their brief make no distinction between actual and exemplary damage, but from the cases cited we take it that they mean to limit their contention in this regard to exemplary damages, since the principal cases they cite lay down the rule that as to actual damages, principal and agent are alike liable, but as to exemplary or punitive damages the principal may have no knowledge or information of its agents intended wanton and malicious conduct against the rights of others, etc., and may not, on that account, be liable for exemplary or punitive damages.

In some of the early cases in this state exemplary or punitive damages were not allowed against the principal for the acts of an agent unless the principal participated in the act of the agent, expressly or impliedly, by his conduct authorizing it, or approved it either before or after it was committed. Moore v. A., T. & S. F. Ry. Co., 26 Okla. 682, 110 P. 1059.

This is no longer the rule in Oklahoma. In Mayo Hotel Co. v. Danciger, 143 Okla. 196, 288 P. 309, in an exhaustive discussion of the question, Commissioner Hall, the author of the opinion, collects a large number of cases and points out that the great weight of authority is against the rule contended for. The learned Commissioner therein points out three cases where this court has refused to follow the rule announced in Moore v. A., T. & S. F. Ry. Co., supra, viz., Ft. Smith & Western Ry. Co. v. Ford, 34 Okla. 575, 126 P. 745, St. L. & S. F. Ry. Co. v. Clark, 104 Okla. 24, 229 P. 779, and A., T. & S. F. Ry. Co. v. Vossberg, 132 Okla. 196, 270 P. 58.

In Mayo Hotel Co v. Danciger, supra, it was held:

"The rule has been definitely established in this state that a corporation may, to the same extent as a natural person, be liable in exemplary damages for a tort committed by its agent or servant while engaged in the master's business, where the act is such an act as would subject the servant to exemplary damages if he had been sued as a principal, and it is not necessary that the particular act of negligence be either authorized or ratified by the corporation."

In the instant case the cause was tried and the jury was instructed upon the theory and under the rule announced in Moore v. A., T. & S. F. Ry. Co., supra, in regard to exemplary damages. The instructions given on the question of exemplary damages were much more favorable to the defendant Hunt-Murry Company than it was entitled to. It clearly appears that the contention of defendants in this regard cannot be sustained.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) 10 R. C. L. 471. (2) 27 L. R. A. 193; 48 L. R. A. 35; 8 R. C. L. 596, 597; R. C. L. Perm. Supp. p. 2296; R. C. L. Pocket Part, title Damages, §§ 141, 142.