## EMPIRE OIL & REFINING CO. et al. v. RAWLINGS et al.

No. 24087. Dec. 15, 1936.

James W. Finley, Hayes McCoy, T. J. Leahy, and S. N. Hawkes, for plaintiffs in error.

McCoy, Craig & Pearson, for defendant in error Con R. Rawlings.

OSBORN, V. C. J. This action was instituted in the district court of Osage county by Con R. Rawlings, hereinafter referred to as plaintiff, against the Empire Oil & Refining Company, the Gulf Pipe Line Company, and E. C. Steeples. It was alleged that defendants had wrongfully permitted the escape of oil, salt water, and other deleterious substances into a stream which constituted plaintiff's water supply for his cattle; that the cattle drank the polluted water and were thereby injured and damaged. As a second cause of action, plaintiff alleged that the acts of defendants in allowing the escape of said oil, salt water, and other deleterious substances were deliberate, willful, and wanton, or were the result of negligence so gross as to constitute a wanton and reckless disregard of the rights of plaintiff and in disregard of humanity, and that plaintiff was entitled to punitive damages. The trial court directed a verdict in favor of the Gulf Pipe Line Company, but the jury returned a verdict in favor of plaintiff for the sum of $479 as actual damages and the further sum of $1,000 as punitive damages. From a judgment on the verdict, defendants Empire Oil & Refining Company and E. C. Steeples have appealed. The action is predicated upon the provisions of section 11580, O. S. 1931.

Upon appeal it is urged, first, that the trial court erred in submitting the issue of punitive damages to the jury.

Section 9990, O. S. 1931, provides:

"For wrongful injuries to animals, being subjects of property, committed willfully or by gross negligence, in disregard of humanity, exemplary damages may be given."

Section 9962, O. S. 1931, provides:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the

jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

It is the contention of plaintiff that both of the above statutes are applicable, but it is obvious that section 9990, supra, has no application to the present controversy, and if plaintiff is entitled to punitive or exemplary damages in this case, such right is predicated upon the provisions of section 9962, supra.

Defendants take the position that a corporation is not liable in damages for the torts of its agent, but the more recent holdings of this court are to the contrary. Hunt-Murry Co. v. Gibson, 157 Okla. 112, 11 P. (2d) 123; Mayo Hotel Co. v. Danciger, 143 Okla. 196, 288 P. 309.

It is likewise contended that the evidence is insufficient to justify the submission of said issue to the jury. In this connection plaintiff called as a witness one E. C. Steeples, who testified that during the months of November and December, 1930, he was a pumper for the Empire Oil & Refining Company on the lease which is involved herein; that he had charge of the salt water pond located on the premises; that there was a three-inch pipe from the inside to the outside of the dam with a plug in the outside end of the pipe; that during the latter part of November or the first of December there came a heavy rain which practically filled the salt water pond and that he "dumped" a portion of the contents of the salt water pond by removing the plug from the outlet and allowing the water to run across the lease into the creek which traversed plaintiff's pasture. Plaintiff does not contend that actual malice or evil intent is disclosed on the part of the witness Steeples in releasing the contents of the salt water pond, but contends that there was shown such gross negligence and disregard of plaintiff's rights as may be deemed equivalent to such intent. From an examination of all the evidence of this witness, together with other facts and circumstances disclosed by the record, it does not appear that the trial court erred in submitting the issue to the jury, but it is evident that the verdict of the jury is excessive. The sum of $479 was fixed as the actual damages sustained by plaintiff and a verdict was returned for $1,000 as punitive damages, which sum we think is excessive under the record in this case.

Numerous assignments of error are found in the brief and argued at length. These have been carefully examined and are without substantial merit.

Except as hereinabove noted, there is competent evidence reasonably tending to support the material averments of the petition, and the trial court in its instructions to the jury fairly stated the issues as the same are presented by the pleadings, and the verdict rendered, except in the particulars herein noted, meets with the requirements of justice.

We are of the opinion that the judgment of the trial court should be modified by requiring a remittitur of punitive damages in excess of $479, reducing the total of said judgment to $958 and interest from February 25, 1932, at 6 per cent. as provided by the original judgment herein, and if such remittitur is filed in 10 days from the date the opinion herein becomes final, the cause is affirmed at the cost of plaintiffs in error; otherwise, the cause is reversed at the cost of defendant in error.

McNEILL, C. J., and BAYLESS, BUSBY, and PHELPS, JJ., concur.

CORN and GIBSON, JJ., concur except as to punitive damages. RILEY and WELCH, JJ., absent.