## SEIDENBACH'S, Inc., v. MURDOCK et al.

No. 26300.     April 6, 1937.

Rehearing Denied April 27, 1937.

Application for Leave to File Second Petition for Rehearing Denied May 18, 1937.

Samuel A. Borstin and Robert J. Woolsey, for plaintiff in error.

Eugene O. Monnett, Royce H. Savage, C. H. Brooks, Willard Brooks, Howard T. Fleeson, Fred W. Aley, Carl G. Tebbe, Wayne Coulson, and Paul Kitch, for defendants in error.

PER CURIAM. This suit was commenced in the court of common pleas, Tulsa county, state of Oklahoma, by the defendants in error, as plaintiffs, against the plaintiff in error, as defendant, to recover a balance alleged to be due them for advertising printed in the Wichita Eagle, a newspaper published in the city of Wichita, Kan. At the conclusion of the testimony the trial court sustained the motion of the plaintiffs for a directed verdict. From the order of the court overruling defendant's motion for new trial, this appeal is prosecuted. We shall refer to the parties as they appeared in the trial court.

Plaintiffs' original petition was superseded by an amended petition. Three causes of action are set forth in this amended petition. First, a cause of action to recover the sum of $2,077.36 balance alleged to be due for advertising furnished by the plaintiffs to the defendant during a period of time from December 31, 1930, to July 7, 1932. Plaintiffs allege that the advertising was furnished pursuant to a written agreement entered into by the parties, which written agreement has been lost, and therefore cannot be attached to the amended petition as an exhibit. Second, a cause of ac-

tion to recover the same sum of money on a quantum meruit basis. Third, a cause of action to recover the sum of $112.36 due on an open account. A motion to make this amended petition more definite and certain was filed and overruled. A general demurrer was also filed and overruled. Defendant answered the amended petition by filing a general denial. Both the amended petition of the plaintiffs and the answer of the defendant were verified.

When the case was called for trial the defendant confessed plaintiffs' third cause of action, tendered the amount due thereon, and paid the money into court. After opening statements of counsel had been made and a portion of the testimony of one witness introduced, plaintiffs asked permission of the court to amend their amended petition by alleging an oral contract instead of a written contract. Over objections of the defendant this permission was granted. Defendant then moved for a continuance and for time in which to plead to the petition as amended. The motion for a continuance was overruled and defendant was given until the next morning to plead to the petition as amended. On the following day defendant filed a motion to make the amended petition more definite and certain and a general demurrer, both of which were overruled by the court with proper exceptions. Defendant then answered the amended petition by filing a general denial. All of these pleadings were filed by the defendant under protest, the defendant at all times objecting to proceeding with the trial, contending that the trial amendment constituted a departure from the original petition. These objections were overruled and the trial proceeded. Plaintiffs introduced their evidence and defendant declined to introduce any testimony. Plaintiffs' motion for a directed verdict was sustained by the court and judgment entered in said cause in favor of the plaintiffs for the sum of $1,749.40 with interest.

Defendant contends that the trial court erred in allowing the trial amendment and overruling its motion for a continuance after this amendment had been made.

The section of the Oklahoma Statutes governing trial amendments is section 251, Okla. Stats. 1931, and reads as follows:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

In the interest of justice trial amendments of this character are favored by the court. This court has held that the granting or refusing permission to amend rests largely within the discretion of the trial court. The ruling of the trial court in proceedings of this character will not be disturbed by this court unless the trial court has clearly abused its discretion. Elliott v. Coggswell, 56 Okla. 239, 155 P. 1146.

After an amendment of this character has been made, the Oklahoma procedure provides for the trial court granting the defendant a continuance, provided the court shall be satisfied by affidavit or otherwise that the defendant has been met by surprise and is not ready for trial. Section 254, Okla. Stats. 1931, reads as follows:

"Continuance May Be Granted After Amendment on Showing of Necessity Therefor. When either party shall amend any pleading or proceeding, and the court shall be satisfied, by affidavit or otherwise, that the adverse party could not be ready for trial, in consequence thereof, a continuance may be granted to some day in term, or to another term of the court."

It will be observed that the above section of the Oklahoma Statutes places the burden upon the defendant to convince the court by affidavit or otherwise that he is unable to proceed to trial. At the time the trial amendment was allowed in this case, the trial judge gave counsel for the defendant an opportunity to point out anything definite wherein the defendant was taken by surprise and could not be reasonably expected to go to trial. The language of the trial judge in this respect is as follows:

"Gentlemen, if I thought this was such a material change in the pleadings that a man would not be able to defend I would not permit the amendment, especially without a continuance, but it seems to me that where advertising has been agreed to be bought in the newspapers that whether it is oral or written contract for that advertising is not very material.

"* * * The nature of the action has not been changed. There has not been a complete change in the nature of the action. It is still a suit on account. The application for a continuance will be overruled."

Although given an opportunity, defendant

made no showing by affidavit or otherwise that its rights would be prejudiced in being compelled to go to trial immediately after the trial amendment had been made. The granting of a continuance after the trial amendment had been made is also a discretionary matter for the trial court. The discretion of the trial court on matters of this character will not be disturbed unless there is a clear abuse of discretion. Lewis v. Bandy, 45 Okla. 45, 144 P. 624.

The suit in this case was to recover a balance due for advertising furnished by the plaintiffs to the defendant. The trial amendment did not bring about a complete change of the nature of the action, but merely brought about a change as to the manner in which the action would be proved. In view of the fact that the defendant, although given an opportunity, failed to make any showing that its rights would be prejudiced by the trial amendment or by being compelled to go to trial after the amendment had been made, we do not believe that the trial court abused its discretion in allowing the trial amendment or refusing the defendant a continuance after the trial amendment had been made.

Defendant also contends that the evidence of the plaintiffs is insufficient to support the judgment. There was introduced in evidence in this case the ledger sheets of the plaintiffs showing the balance due on defendant's account to be the exact sum for which judgment was entered. Plaintiffs' bookkeeper testified that these ledger sheets were records made in the usual course of business. The proving of the balance due on an open account by evidence of this character has been approved by this court. Oklahoma Natural Gas Co. v. McFarland, 103 Okla. 6, 229 P. 216. Defendant contends that these ledger sheets are insufficient to support a judgment for the plaintiff unless it is shown that the advertising was actually printed. At the trial of this case plaintiffs introduced several letters received from the defendant in which the defendant did not dispute the correctness of the account. In some of these letters the defendant made payments on the account. Plaintiffs' bookkeeper testified that he discussed the account with the president of the defendant company on several occasions and that in these conferences the correctness of the account was not denied. In view of the fact that the defendant offered no testimony in contradiction of the correctness of the account, we believe that the ledger sheets, together with the inferences to be drawn from the letters written by the defendant, established, to say the least, a prima facie case. The trial court committed no error in sustaining plaintiffs' motion for a directed verdict.

No reversible error is presented by the appeal. The judgment of the trial court should be, and the same is hereby, affirmed.

The Supreme Court acknowledges the aid of Attorneys Welcome D. Pierson, A. L. Jeffrey, and John H. Halley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Pierson and approved by Mr. Jeffrey and Mr. Halley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.