BARALL FOOD STORES, Inc., v. BENNETT.

No. 30962. Feb. 15, 1944.

Rehearing Denied Nov. 21, 1944.

*153 P. 2d 106.*

Pierce & Rucker, of Tulsa, Johnson & Jones, of Bristow, and Fred M. Mock, of Oklahoma City, for plaintiff in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

DAVISON, J. This is an action to recover damages for personal injuries. Joan Bennett, a minor, through her father as next friend, is the plaintiff. Barrall Food Stores, Incorporated, a corporation engaged in the retail grocery business in the city of Sapulpa is the sole defendant.

Harry Pantry was, at the time plaintiff was injured, an employee of the defendant company. He delivered groceries for it. His alleged gross·negligence and wanton disregard of plaintiff's safety while plaintiff was, at his invitation, riding on the running board of his delivery truck constitutes the basis of this action.

The trial of the cause to a jury resulted in a verdict and judgment for the plaintiff in the sum of $5,000.

The defendant appeals to this court complaining of the alleged failure of the trial court to discharge its duty to instruct on all of the issues; of the failure of the trial court to sustain its challenge to the sufficiency of the evidence and of the action of the trial court in permitting an amendment of the plaintiff's pleadings during the trial, which amendment broadened the field of proof.

A review of the proof as reflected by the record discloses the following situation:

In connection with its retail grocery business the defendant employed Harry Pantry to drive its delivery truck and to make deliveries in the city of Sapulpa and its environs. He was thus engaged on October 1, 1940.

Just preceding the occurrence which gave rise to this action, he had made a delivery at 219 South Elm Street. His next delivery was at 1021 North Main street. A proper route between the two points led within one-half block of his home. He chose this route.

There is some intimation in the record that Mr. Pantry intended to take advantage of the route to make a trip to his home for personal reasons. However, the accident occurred before the point in the route where he would have deviated or departed therefrom for the purpose of accomplishing his independent mission. Thus, insofar as the route may bear upon the question, Pantry was acting as the employee of the defendant.

As Mr. Pantry proceeded along the route he "picked up" several children, including the plaintiff herein, who was then 14 years old. As he proceeded on his route plaintiff and some of the other children were standing on the running boards of the delivery truck.

The evidence does not indicate that Pantry was authorized to invite the children to ride. The proof on this point was to the effect that the driver had at one time been instructed not to "pick up" anybody but at another time had been told by the manager that he could carry customers of the store when leaving the store but not to let him (the manager) see him do so.

This proof constituted an important factor in the trial of this case in the court below, since it was the basis for determining the relationship between the plaintiff and the defendant corporation. If the driver had permission of his employer to invite the children to ride, the children, including the plaintiff, were guests or licensees of the defendant company and the standard of care should have been determined on the basis of that relationship. However, if the driver exceeded his authority, actual or apparent, in inviting the plaintiff to ride, plaintiff was a trespasser so far as the defendant corporation was concerned, and it, through its driver, owed the duty not to wantonly and willfully injure plaintiff, including an obligation to refrain from acts of such gross negligence as to amount to wanton or willful injury, and the further duty to exercise ordinary care to avoid injuring her after learning she was in a position of peril. Texas, O. & E. Ry. Co. v. McCarroll (syl. 5) 80 Okla. 282, 195 P. 139; notice, also, Higbee Company v. Walter Jackson, 101 Ohio St. 75, 128 N. E. 61, 14 A.L.R. 131; Patsy Oil & Gas Co. v. Odom, 186 Okla. 116, 96 P. 2d 302.

The question of whether the driver had actual or apparent authority to invite the plaintiff child to ride is relegated to the background in this court on appeal, for the reason that the trial court withheld the issue from the jury and classified plaintiff as a trespasser by requiring in the charging part of its instructions to the jury that in order to find for the plaintiff it (the jury) must find "from a preponderance of the evidence" that the "acts of negligence were so gross and extreme as to amount to a wanton disregard for the safety of the plaintiff at a time her peril was known to the defendant."

Thus the trial court resolved any conflict in the evidence (if any existed), on the question of the driver's authority to invite passengers to ride, in favor of the defendant—a treatment of the issue of fact which was most favorable to the defendant and of which the defendant cannot therefore complain.

Nor can the defendant present a meritorious complaint concerning the failure of the trial court to instruct on the issue of fact thus resolved in its favor without submission to the jury.

Having noted that plaintiff was a trespasser, as to the defendant company, while riding on its delivery truck, we return to a consideration of the happenings after she took her position on the running board.

The truck proceeded on its route. It stopped to let one of the children get off. It then started on, and soon, according to plaintiff's evidence, was traveling at a dangerous and excessive rate

of speed along the unpaved street. It arrived at a point where another child desired to alight. There the truck was, by the alleged gross negligence of Pantry and in wanton disregard of plaintiff's position of peril on the running board, brought to a sudden stop. The plaintiff was thrown to the ground. The result was a serious and permanent injury to plaintiff, a fracture at the shoulder joint of such a nature as to require the use of a metal screw to place the bones in a position to mend. A partial and permanent loss of use of the arm is the disabling effect of the injury.

In urging that the judgment of the trial court based on the verdict of the jury should be reversed, defendant presents as its first proposition that:

. "It is the duty of the trial court without a request and upon its own initiative to instruct the jury upon all of the vital factors of the tenable legal theories of both litigants concerning the issues of fact."

Generally speaking, this theory of law is correct. The weakness in defendant's position lies in the application herein sought.

The trial court did not instruct on the doctrine of respondeat superior. Of this the defendant specifically complains. However, recovery was limited to the gross negligence and wanton disregard of plaintiff's safety.

The driver of the truck was engaged in his master's business and was acting in the course of his employment when the accident occurred. There was no issue of fact on that point to be submitted to the jury. Under the undisputed proof the employee had not yet deviated from his route. It is true that a few moments before he had exceeded his authority both actual and apparent (the truck was not so constructed as to indicate it was a passenger-carrying vehicle from which it might be urged that apparent authority to carry passengers existed) by inviting plaintiff to ride. The fact that he exceeded his authority in this respect did not deter him from continuing with his employer's business. He did so continue. The fact that he exceeded his authority in extending the invitation made the plaintiff a trespasser, but as the servant of his employer he still owed a duty to the trespasser. That was the only duty for which the defendant was held accountable under the instructions of the trial court. No issue of fact inhered in the proof which would have relieved the company from that duty.

Defendant urges that if the driver exceeded his authority in inviting the child to ride, the employer was not thereafter responsible for his acts of negligence (wanton or otherwise) toward the child.

Respectable authority from other jurisdictions is cited in support of defendant's position. Regardless of the merits of the position as viewed from the law developed elsewhere (sometimes under the influence of special statutes), the position is untenable here. In Texas, O. & E. Ry. Co. v. McCarroll, supra, we said in syllabus 4 and 5:

"4. The permission of the railway company's night watchman, in violation of the rules and regulations of the company and his general instructions, to a 15 year old boy to ride on the pilot step of an engine, operated by the watchman, did not make the boy a licensee.

"5. Although a trespasser is a wrongdoer, and courts do not ordinarily aid him, nevertheless the owner of the premises (the railroad company in this case) owes him the duty not to wantonly and willfully injure him, and, if discovered in a perilous position, it owes him the duty to exercise ordinary care to avoid injuring him."

In Ramage Mining Co. v. Thomas, 172 Okla. 24, 44 P. 2d 19, we said:

"The only duty the owner of premises owes a trespasser is not to willfully or wantonly injure him; ordinarily no duty of anticipating his presence is imposed. . . . it is usually willful or wanton negligence not to exercise ordinary care to prevent injury to a person who is actually known to be, or reasonably is expected to be, within the range of such danger."

In Patsy Oil & Gas Co. v. Odom, 186 Okla. 116, 96 P. 2d 302, we noted that our law with respect to the duty owed trespassers was different from that in other jurisdictions, but declined to depart from our own previous rule as stated in Ramage Mining Co. v. Thomas, supra. In the Patsy Oil Co. Case we said:

"We are cited to a number of cases from other jurisdictions, including United Zinc & Chemical Co. v. Britt et al., 258 U. S. 268, 42 S. Ct. 299, 66 L. Ed. 615, 36 A. L. R. 28, which hold, in effect, that the owner of land owes no duty to a mere trespasser, young or old.

"We are not inclined to hold that a landowner may create a highly dangerous situation before children of tender years, incapable of realizing the danger or the wrong in entering on the premises, while at the same time he must know, by reason of surrounding conditions and circumstances, that such children will almost certainly enter upon the premises, and when disaster comes stand upon his rights as the owner of the property and plead the wrongful trespass by the children as an excuse for his wanton conduct."

Much of the confusion in the treatment of this class of cases is due to the failure to recognize that the act of invitation which precedes the accident is contractual in nature and its legal effect is to be judged by the authority of the agent to bind the principal, whereas the subsequent injury is ex delicto and the responsibility of the master is determined on consideration of the law relating to torts where the test of responsibility is whether the servant was acting in the scope or course of his employment. As was ably said by the Ohio court in Higbee Co. v. Jackson, supra:

"The unauthorized consent to ride was given more than half a mile from the scene of injury. It was a mere incident, and had nothing to do with the collision. Otherwise, no trespasser could recover under any circumstances at any place. A different view leads to illogical and intolerable conclusions, — that is to say, the lack of authority in the driver to consent makes the child a trespasser, though he may not have known of such lack, and we then change to the other edge of the sword, and cut off even the rights of a trespasser, because of the consent."

Since a trespasser can recover from the master for the acts of the servant under the circumstances and subject to the tests mentioned by the trial court, there was no issue of fact connected with the application of the doctrine of respondeat superior upon which an instruction should have been given.

Upon the same theory (the theory of nonliability to a child who is a trespasser because the employee who extended an invitation had no authority to extend the same) the defendant challenged the sufficiency of the proof and here complains of the action of the trial court in refusing to sustain its challenge. Our holding that the employer may be liable to the trespassing child disposes of this contention.

We are unable to say as a matter of law that a truck driver who knows of the presence of a child on his running board and with that knowledge drives his truck at a dangerous and excessive rate of speed, then suddenly brings his truck to a sudden and abrupt stop, is not guilty of acting in wanton or willful disregard of the safety of the child.

Wanton or willful negligence does not necessarily connote an ill will toward the person injured or a specific intent to inflict the injury, but an act of negligence may be properly so classified if there is "an entire absence of care for the life, person or property of others which exhibits indifference to consequences." See Higbee Co. v. Jackson, supra, and authorities therein reviewed.

The action of the trial court in denying the challenge of the defendant to the sufficiency of the proof is free from error.

During the trial the trial court permitted plaintiff to amend his petition to plead an ordinance of the city of Sapulpa forbidding drivers of vehicles to

permit persons to ride on the running board and to offer proof in support of the amendment. The amendment did not change the general nature of plaintiff's cause of action, and it did not operate to defendant's prejudice in the sense that it injected a new issue into the case which it was unable to meet but could have counteracted had the amendment been made at an earlier date.

Amendments to pleadings are largely within the discretion of the trial court in this jurisdiction. 12 O. S. 1941 § 317. We find no abuse of discretion in the authority to amend herein granted. Seidenbach, Inc., v. Murdock et al., 180 Okla. 85, 68 P. 2d 92; Cimarron Valley Pipe Line Co. v. Holmes, 182 Okla. 450, 78 P. 2d 403.

The proceedings before the trial court being free from substantial error, the judgment is affirmed.

CORN, C. J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. GIBSON, V.C.J., and RILEY and WELCH, JJ., dissent.

On Rehearing.

PER CURIAM. On petition for rehearing it is suggested that the Ohio case of Higbee Co. v. Jackson, cited and relied upon in our original opinion, has been overruled by the Ohio Supreme Court in the later case of Union Gas & Elec. Co. v. Crouch, 123 Ohio St. 81, 174 N. E. 6, 74 A. L. R. 160. While paragraphs 1 and 2 of the syllabus were expressly overruled therein, the former case has been followed in several states, and we think the reasoning of the Higbee Case is sound. In view of our holdings in similar cases cited and relied upon in our original opinion, including Empire Refining Co. v. Rawlings, 178 Okla. 391, 62 P. 2d 1253, not cited therein, we adhere to our original opinion.

Rehearing denied.

CORN, C.J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., and RILEY and WELCH, JJ., dissent.