## STEVENS v. BARNHILL.

### No. 35968.

Supreme Court of Oklahoma.

Jan. 27, 1954.

Cheek, Cheek, & Cheek, Oklahoma City, for plaintiff in error.

Bohanon & Adams, Bert Barefoot, Jr., Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an action brought by Bert Barnhill against Robert Stevens to recover personal injury damages arising out of an automobile collision between an automobile owned and driven by defendant Stevens and another driven by Robert West.

Plaintiff was a guest passenger in the car owned and driven by defendant Stevens.

At the close of the evidence defendant requested the court to direct the jury to return a verdict in his favor. The request was denied and the jury returned a verdict in favor of plaintiff. Judgment was entered on the verdict for plaintiff accordingly.

Defendant appeals and relies for reversal on the sole ground that the evidence is insufficient to sustain the verdict and the court therefore erred in denying his request for a directed verdict.

The facts necessary to a decision in this case are undisputed. They are: At about 4 o'clock on the morning of September 10, 1951, plaintiff, defendant and two others left Oklahoma City on a hunting trip. They started the return trip about daybreak on that morning traveling south on McArthur Boulevard, a paved road. When they reached a point about two miles from where the Britton road intersects McArthur Boulevard, they met a car driven by Mr. West traveling north. Both cars were then traveling downhill. Each car was approaching a culvert at the foot of the slopes and collided. The cars were then each traveling about 50 miles per hour. The car driven by Mr. West was traveling on the wrong side of the road as his car came down the hill. The collision occurred close to the culvert. The impact occurred about four feet on the west side of the road and on defendant Steven's side thereof. As the cars approached each other down the respective hills the distance between them by actual measurement was 667 feet. Mr. Ross, one of the occupants of the car driven by defendant Stevens, testified he saw the car driven by Mr. West on the top of the hill. It was then traveling on the wrong side of the road and one of the occupants of the car then shouted, "Look out there comes a Studebaker on the wrong side of the road." Notwithstanding being so warned defendant did nothing to avoid the collision. Mr. Ross further testified that about two weeks after the accident occurred he had a conversation with defendant relative to the accident in which defendant stated he could have avoided the accident. He could have turned to the right, or stepped on the brakes, or sounded his horn and thereby completely avoided the accident but he did nothing. He just took a chance and went on.

Defendant in his testimony admitted that he made such statement and also testified that upon discovering that Mr. West was driving his car on the wrong side of the road he did nothing to avoid the collision. He did not take his foot off the accelerator, did not step on the brakes, did not sound his horn. He made no effort to turn off the road either the right or left until it was too late. He just kept thinking Mr. West would return to his side of the road in time to avoid a collision.

It is the contention of plaintiff that when defendant discovered that Mr. West was driving his car on the wrong side of the road it was his duty to exercise reasonable care to avoid a collision and to protect plaintiff and other occupants of the car from injury; that his failure so to do constituted negligence and that his negligence combined with the negligence of Mr. West in driving on the wrong side of the road caused the collision and resulting injury to plaintiff and that he is therefore liable in damages to plaintiff for the injury sustained by him. We think this contention is correct.

▌ It was certainly the duty of defendant upon discovering that Mr. West was driving the approaching car upon the wrong side of the road and that a collision was likely to occur to use such precaution as a person of ordinary prudence would use under such circumstances in order to prevent a collision. Aydelotte & Young v. Saunders, 182 Okl. 226, 77 P.2d 50; Barall Food Stores, Inc. v. Bennett, 194 Okl. 508, 153 P. 2d 106.

▌ Under the evidence the question as to whether defendant discovered that Mr. West was driving his car on the wrong side of the road in time to have avoided the accident by exercising ordinary care constitutes a question of fact for the determination of the jury. The trial court ruled correctly in submitting the case to the jury.

While Mr. West was guilty of negligence in driving his car on the wrong side of the road, under the evidence, the jury was authorized to find that the defendant was also

guilty in the particulars above stated and that their combined negligence was the proximate cause of the accident and resulting injury.

 We have many times held where the separate and individual acts of several persons combine to produce directly a single injury, each is responsible for the entire result even though the act of one person alone may not be the cause of the injury. All American Bus Lines v. Saxon, 197 Okl. 395, 172 P.2d 424; Pure Oil Co. v. Taylor, 195 Okl. 93, 155 P.2d 529; Oklahoma Railway Co. v. Ivery, 201 Okl. 245, 204 P.2d 978.

. The evidence is sufficient to support the verdict and judgment entered thereon.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.