Daniel K. MORGAN, Plaintiff in Error,

v.

Rose Ann BATES, Defendant in Error.

No. 40366.

Supreme Court of Oklahoma.

March 17, 1964.

Gordon L. Patten, Tulsa, for plaintiff in error.

Heskett & Heskett, Bartlesville, C. Lawrence Elder, Tulsa, for defendant in error.

PER CURIAM:

The plaintiff in her petition sought to recover $433,624.55 actual damages and $25,000.00 exemplary damages. A jury was waived, and the cause tried to the court. At the close of the evidence the trial court rendered judgment of $75,000.00 actual damages and $1,000.00 exemplary damages for the plaintiff. The appeal is only from the $1,000.00 exemplary damages. 23 O.S.1961 § 9 provides as follows:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for

the sake of example, and by way of punishing the defendant."

When a jury is waived and the cause tried to the court, it has a right to award exemplary damages. Pure Oil Co. et al. v. Quarles et al., 183 Okl. 418, 82 P.2d 970.

The facts briefly stated are: The plaintiff, the defendant and two other men and three other women got together at the Solo Club in Bartlesville, about 8 p. m. December 13, 1959. While there for about thirty minutes the defendant drank two beers. All seven left in three cars, the plaintiff riding with defendant in his MG sports car and went to the Enlisted Men's Club at the air base some five miles west of Bartlesville. They stayed there about three hours drinking alcoholic beverages before leaving for home. The car driven by the defendant, in which the plaintiff was riding, was behind the other two cars occupied by the other five members of the party. When approximately 100 to 200 yards from the city limits of Bartlesville, on newly-constructed four-lane Highway 60, the defendant in trying to pass the other two cars lost control of his automobile and overturned several times, in which the plaintiff received her injuries.

The plaintiff alleged in her petition that the acts of negligence hereinabove set forth amounted to such gross, wanton and willful conduct on the part of the defendant that the plaintiff is entitled to exemplary damages in the amount of $25,000.00.

The judgment of the trial court is:

" * * *

"THE COURT FURTHER FINDS that said plaintiff was seriously and permanently injured as the result of wanton and gross negligence upon the part of said defendant and that by reason thereof, said plaintiff received and is entitled to a judgment for actual damages in the sum of $75,000.00, and exemplary damages in the sum of $1,000.00.

" * * *"

The plaintiff, in part, testified:

"Q. All right. As you got to the intersection of Highway 60 and the Smelter Road I want to ask you in your own words what happened, Rose Ann?

"A. Well, there were no other cars coming from the eastward direction.

"Q. All right. Go ahead.

"A. And Dan tried—

"Q. No, Just—

"A. (continuing)—to pass. He passed Jim—Phil. And by this time Jim had got further on up.

"Q. Past the intersection?

"A. No, we were just at the intersection of the Smelter Road. Right there. They had just opened up the road. We passed Phil first, all of which was natural.

"Q. All right.

"A. I looked at the speedometer and we were going ninety.

"Q. Ninety?

"A. Yes, sir. I said 'We'll never make it.'

"Q. What happened then?

"A. Well, he told me it would be all right. We started rolling. We rolled two times. The third time —I can't tell you from there on out.

"Q. What happened?

"A. Because my head hit something."

She further testified, in substance, that when she left the Solo Club with Dan he was not drunk; in going out to the Enlisted Men's Club she mentioned to him a few times to slow down and he did. Before leaving the air base she was going to ride back with Phil and Maxine, but he promised he would drive carefully.

The evidence of one of the men in the party shows the defendant's MG sports car turned over five or six times and was a total wreck.

■■ On appeal the defendant contends the trial court failed to find the defendant guilty of oppression, fraud or malice in commission of tort, and cites Keener Oil & Gas Co. v. Stewart, 172 Okl. 143, 45 P.2d 121, wherein we held in paragraph one of the syllabus:

"To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent, or must be the result of such gross negligence, such disregard of another's rights, as is deemed equivalent to such intent."

The facts in that case are distinguishable from the facts in this case.

The evidence shows the defendant was driving ninety miles per hour on a curve, after dark, trying to go around the second car ahead of him when the accident happened.

In Sloan v. Tarlton et al., 285 F.2d 575, a case arising in Arkansas, it was held:

"Evidence sustained finding that host, who allegedly travelled in industrial area approaching substantial town at speed of 80 to 100 miles per hour in nighttime, when his view of road ahead was obstructed because of curve in highway, and who collided with automobile crossing highway, was guilty, under Arkansas law, of wilful and wanton misconduct resulting in fatal injuries to guests."

In Barall Food Stores, Inc. v. Bennett, 194 Okl. 508, 153 P.2d 106, at page 110, it was said:

"Wanton or willful negligence does not necessarily connote an ill will toward the person injured or a specific intent to inflict the injury but an act of negligence may be properly so classified if there is 'an entire absence of care for the life, person or property of others which exhibits indifference to consequences.' * * *"

In Higbee Company v. Jackson, 101 Ohio St. 75, 128 N.E. 61, 65, 14 A.L.R. 131, the following statement is found:

"The authorities are uniform in holding that to constitute willful or wanton negligence it is not necessary to show ill will toward the person injured, but an entire absence of care for the life, person, or property of others which exhibits indifference to consequences makes a case of constructive or legal willfulness. A complete indifference to consequences distinguishes wrongs caused by wantonness and recklessness from torts arising from negligence. Many cases sustain this general proposition * * *.

" * * *

" 'The law is regardful of human life and personal safety, and if one is grossly and wantonly reckless in exposing others to danger, it holds him to have intended the natural consequences of his act, and treats him as guilty of a willful and intentional wrong.' "

In Tomlinson et al. v. Bailey et al., Okl., 289 P.2d 384, in syllabus two we held:

"Exemplary damages are imposed by the law on the theory of punishment to the offender, for the general benefit of society, and are allowed only in cases where fraud, oppression, gross negligence or malice, actual or presumed, enter into the cause of action, but a person may commit such wilful acts in reckless disregard of another's rights that malice will be inferred."

The rule stated in Alexander v. Jones, D.C., 29 F.Supp. 690, in the first syllabus is:

"Under Oklahoma statute, punitive damages are recoverable for gross negligence amounting to reckless disregard of another's rights. 23 Okl.St.Ann. § 9."

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ.

The Court acknowledges the aid of Supernumerary Judge CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.